IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LISA EVANS, on behalf of, )<br>D.K.M., a minor child, )<br>                               )<br>       Plaintiff, )<br>                               )<br>v.                               )<br>                               )<br>MICHAEL J. ASTRUE, )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>                               )<br>       Defendant. ) | Case No. CIV-07-501-F |

## **REPORT AND RECOMMENDATION**

On behalf of her minor child, D.K.M., Ms. Lisa Evans seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand the SSA's decision.

BACKGROUND

The present action grew out of an application for supplemental security income for D.K.M. *See* Administrative Record at pp. 61-63 (certified May 30, 2007) ("Rec."). After a hearing[1] an administrative law judge acknowledged that D.K.M. had severe impairments,[2] but found that D.K.M. did not meet or equal a listing because of the absence of a "marked" limitation in two or more domains.[3] As a result, the judge found that D.K.M. did not qualify

---

[1]     *See* Rec. at pp. 241-73.

[2]     Rec. at p. 21.

[3]     Rec. at pp. 21-31.

for disability benefits. *Id*. at pp. 21, 31. The Appeals Council declined jurisdiction,[4] and the present action followed.

## STANDARD OF REVIEW

The Court must determine whether the SSA's decision is "free of legal error" and "supported by substantial evidence." *Brown v. Callahan*, 120 F.3d 1133, 1135 (10th Cir. 1997). This determination is possible only when the SSA's findings are sufficient for meaningful judicial review. *See Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (stating that without findings "supported by specific weighing of the evidence," the court could not "assess whether relevant evidence adequately support[ed]" the administrative law judge's ultimate conclusion).

## CHILDHOOD DISABILITY FINDINGS

A child may be considered disabled if his impairments meet or functionally equal a listed impairment. *See* 20 C.F.R. § 416.924(d) (2006).[5] To determine whether the impairments are functionally equivalent to a listed impairment, the administrative law judge evaluates the child's limitations in six areas known as "domains." *See* 20 C.F.R. § 416.926a(b)(1)(g)-(l) (2006). For purposes of the present action, the relevant domains are the:

---

[4]   Rec. at pp. 4-6.

[5]   The Court should apply the Social Security regulations which were in effect at the time of the administrative law judge's decision. *See Branum v. Barnhart*, 385 F.3d 1268, 1272 n.2 (10th Cir. 2004).

- acquisition and use of information,

- attendance and completion of tasks, and

- health and physical well-being.

*See* 20 C.F.R. § 416.926a(b)(1)(i)-(ii), (vi) (2006). A child is considered "disabled" if he suffers a "marked" restriction in two or more domains. *See* 20 C.F.R. § 416.926a(a), (d) (2006).[6] A limitation is "marked" when it "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C. F.R. § 426.926a(e)(2) (2006).

### LEGAL ERROR: FAILURE TO EXPLAIN THE FINDINGS

The administrative law judge determined that D.K.M. had lacked "marked" limitations in two or more domains. *See supra* p. 1. But as Ms. Evans argues, the administrative law judge failed to adequately explain the findings in three of the pertinent domains.[7]

In each of the three domains, the judge listed considerable parts of the record and characterized the limitations as "less than marked" "[b]ased upon the foregoing." Rec. at pp. 23-24, 31. The problem is that "the foregoing" summary suggested varying levels of impairment, and characterization as "less than marked" constituted a description rather than

---

[6] A disability also occurs when a child experiences an "extreme" limitation in a single domain. *See* 20 C.F.R. § 416.926a(a), (d) (2006). But the Plaintiff does not suggest that her child's limitations are extreme.

[7] Ms. Evans alleges additional legal errors, but the Court need not address these claims in light of the need for reversal on the grounds discussed in the text.

an explanation. *See Giles v. Astrue*, 483 F.3d 483 (7th Cir. 2007);[8] *see also Colon v. Apfel*, 133 F. Supp. 2d 330, 343 (S.D. N.Y. 2001) ("Merely to assign conclusory labels of 'extreme,' 'marked' or 'moderate,' without the 'longitudinal picture' required by the regulations and supporting analysis, is not helpful to understanding."). Thus, one cannot tell from the decision how the judge would have differentiated between a "moderate" and "marked" assessment in the three disputed domains.

I.     Acquisition and Use of Information

In part, the judge considered the domain involving acquisition and use of information. Rec. at pp. 21-23.

During parts of the alleged disability period, D.K.M. would have been classified as a child of school-age.[9] With this classification, a child would ordinarily be able to "learn to read, write, and do math, and discuss history and science." 20 C.F.R. § 416.926a(g)(2)(iv) (2006). School-age children should be able to use these skills in academic situations, such as the taking of achievement tests and production of oral and written projects. *See id.*

---

[8]     There the administrative law judge stated that in five domains, the claimant had some deficiencies, but they were "'less than markedly limited.'" *See Giles v. Astrue*, 483 F.3d at 487. The Seventh Circuit Court of Appeals stated: "Such a conclusion standing alone does not sufficiently articulate the [administrative law judge's] assessment of the evidence as [the court has] repeatedly required." *Id.* at 487-88 (citations omitted).

[9]     "School-age" is defined as age six to the attainment of age twelve. 20 C.F.R. § 416.926a(g)(2)(iv) (2006).

By the time of the administrative law judge's decision, D.K.M. would have been classified as an "adolescent."[10] Adolescents can ordinarily demonstrate what they have learned in academic assignments, be able to use what was learned in living situations, comprehend and express simple and complex ideas, use increasingly complex language in learning and daily living situations, and apply the skills in practical ways. *See* 20 C.F.R. § 416.926a(g)(2)(v) (2006).

Relevant examples of limited functioning in this domain include difficulty in:

- recalling important things learned in school on the previous day and
- "solving mathematics questions or computing arithmetic answers."

20 C.F.R. § 416.926a(g)(3)(iii)-(iv) (2006).

After stating the standard, the judge listed parts of the record. Rec. at pp. 22-23. Some of the references would have suggested relatively great limitations in the regulatory examples for limited functioning.

For example, the judge referred to testimony that D.K.M. had attended special classes in mathematics. *Id.* at p. 22.

---

[10]  D.K.M. would have been thirteen years old at the time of the administrative law judge's decision. *See*, *e.g.*, Rec. at p. 61 (statement in the application that D.K.M.'s birth date was October 12, 1992); *id*. at p. 31 (issuance of the administrative law judge's decision on September 28, 2006). For purposes of the regulation, "adolescents" are children between twelve and eighteen years old. *See* 20 C.F.R. § 416.926a(g)(2)(v) (2006).

The judge also cited evidence that suggested D.K.M. had lacked a school-age child's ordinary ability to take achievement tests and learn to read and write. *See supra* p. 4 (citing 20 C.F.R. § 416.926a(g)(2)(iv) (2006)). These references included:

- low test results on broad reading, basic reading skills, broad written language, basic written skills, written expression, spelling, writing fluency, editing, academic skills, and academic fluency;[11]

- "very low" test results on letter word identification;[12] and

- a statement by a special education teacher that D.K.M. was performing two to three years below grade level in most subjects.[13]

In addition to listing evidence of relatively significant limitations, the judge referred to parts of the record which tended to downplay the restrictions. These references involved:

- testimony that D.K.M. had received good grades on his most recent report card;[14]

- reference in a 2004 assessment that D.K.M. had performed great on his fourth grade assignments and had made good grades;[15]

- a notation in 2004 that D.K.M. was performing at grade level even without modified instruction;[16]

---

[11]    Rec. at p. 23.

[12]    Rec. at p. 23.

[13]    Rec. at p. 23.

[14]    Rec. at p. 22.

[15]    Rec. at p. 22.

[16]    Rec. at p. 22.

- a teacher's report in 2004 that D.K.M. had an above average ability to follow oral instructions and an average ability to comprehend class room discussion, remember information just heard, express himself when called upon, and retain instructions from week to week;[17]

- "average" test results on nonverbal intelligence, oral language, listening comprehension, broad mathematics, calculation skills, mathematical reasoning, mathematics fluency, applied problems, quantitative concepts, writing samples, and academic applications;[18] and

- test results reflecting low average results in reading comprehension, passage comprehension, word attack, reading, and reading vocabulary.[19]

After summarizing evidence that pointed in both directions, the administrative law judge characterized the limitation in the acquisition and use of information as "less than marked" "[b]ased upon the foregoing" evidence. Rec. at p. 23. From this discussion, one cannot tell how the administrative law judge had decided to characterize the limitation as "less than marked." Some of "the foregoing" suggested relatively great limitations and some did not. Presumably the judge relied on some parts of the evidence more than others, but she never said which was which. Instead, the judge simply listed the conflicting evidence, as if it bore equal weight, and concluded from the totality that the limitations were less than marked. The weighing took place in the administrative law judge's head, and the Court cannot divine how she had decided to characterize the limitations as less than marked. *See*

---

[17]   Rec. at p. 22.

[18]   Rec. at p. 23.

[19]   Rec. at p. 23.

7

*Savino-Nixon v. Astrue*, 479 F. Supp. 2d 1176 (D. Kan. 2007);[20] *Haste v. Astrue*, 2007 WL 3124477 (S.D. Ind. Sept. 20, 1997) (unpublished op.).[21]

II.   Attending and Completing Tasks

The same is true in the administrative law judge's analysis of the domain involving attending and completing tasks.

In this domain, the SSA considers how a child can "focus and maintain . . . attention, and how well [he can] begin, carry through, and finish [his] activities . . . ." 20 C.F.R. § 416.926a(h) (2006). Children are expected to have the attention necessary "to filter out distractions and to remain focused on an activity or task at a consistent level of performance." 20 C.F.R. § 416.926a(h)(1)(i) (2006).

During part of the relevant period, D.K.M. was of school-age and at another part he was an adolescent. *See* 20 C.F.R. § 416.926a(h)(2)(iv)-(v) (2006) (defining "school-age children" and "adolescents" for purposes of this domain); *see also supra* pp. 4-5 & n.10.

For purposes of this domain, a school-age child would ordinarily have been able to:

---

[20]   There the administrative law judge cited reports reflecting "low achievement scores" and serious reading and comprehension problems. *See Savino-Nixon v. Astrue*, 479 F. Supp. 2d at 1178-79, 1185. The judge then concluded that the child-claimant had "less than marked" limitations in the domain of acquiring and using information. *See id.* But the judge failed to explain how he had reached this conclusion despite the cited evidence. *See id.* The federal district court reversed, concluding that the judge had "not 'connect[ed] the dots.'" *Id.*

[21]   In *Haste v. Astrue*, the administrative law judge found no marked limitations in the acquisition and use of information even though some teacher reports had reflected serious problems in this area. *See Haste v. Astrue*, 2007 WL 3124477, Westlaw op. at 6. The court held that the finding was insufficient because the administrative law judge had failed to explain his rejection of some of the teacher reports. *Id.*, 2007 WL 3124477, Westlaw op. at 7.

8

- "focus [his] attention in a variety of situations in order to follow directions, remember and organize . . . school materials, and complete classroom and homework assignments;"

- "concentrate on details and not make careless mistakes;"

- "change [his] activities or routines without distracting [himself] or others, and stay on task and in place when appropriate;"

- "sustain [his] attention well enough to participate in group sports, read by [himself], and complete family chores;" and

- complete transition tasks "without extra reminders and accommodation."

20 C.F.R. § 416.926a(h)(2)(iv) (2006).

When D.K.M. became an adolescent, he should ordinarily have had the ability to:

- "pay attention to increasingly longer presentations and discussions, maintain [his] concentration while reading textbooks, and independently plan and complete long-range academic projects;"

- "organize [his] materials and . . . plan [his] time in order to complete school tasks and assignments;" and

- "maintain [his] attention on a task for extended periods of time, and not be unduly distracted by . . . peers or unduly distracting to them in a school or work setting."

20 C.F.R. § 416.926a(h)(2)(v) (2006).

Relevant examples of limited functioning in this domain include being:

- "slow to focus on, or fail to complete activities of interest;"

- "repeatedly . . . sidetracked from . . . activities;"

- disruptive to others;

9

- "easily frustrated and giv[ing] up on tasks, including ones [the child] [is] capable of completing;" and

- in need of "extra supervision to keep . . . engaged in an activity."

20 C.F.R. § 416.926a(h)(3) (2006).

The administrative law judge again summarized evidence which pointed in both directions. Rec. at p. 24.

For example, the judge referred to:

- testimony highlighting limitations, such as D.K.M.'s repetition of the first grade; need for extra assistance and time to complete mathematics and reading assignments; and difficulty in remembering homework and medications;

- assessments that D.K.M. had needed constant supervision, extra time and assistance, repetition of directions, and examples of what was expected; and

- one teacher's acknowledgment that D.K.M. needed extra help in all subjects other than mathematics.

*Id.*

While referring to evidence favoring the Plaintiff, the judge repeated references to the record that tended to minimize the limitations. *Id.* These examples included evidence of good grades, "great" performance on school assignments, ability to perform at grade level without modified instruction, and "average" test results. *Id.*

The administrative law judge added that in one report, a teacher had remarked that D.K.M. enjoyed an above average ability to organize and complete tasks on time. *Id.*

After referring to this evidence, the judge stated that the limitations in this domain were "less than marked" "[b]ased upon the foregoing." *Id.* Again, one cannot ascertain how

the judge had reached this conclusion, as she referred to evidence pointing in both directions. The administrative law judge presumably relied more heavily on certain parts of the record and discounted others. But the judge never said which parts were relied upon and which were discounted. Instead, the judge simply listed evidence pointing in both directions and stated that the limitation was "less than marked" based on the totality of the evidence. The balancing apparently took place in the judge's head, and the Court cannot conduct any meaningful review. *See Rios v. Barnhart*, 365 F. Supp. 2d 637 (E.D. Pa. 2005);[22] *see also Murphy v. Astrue*, 496 F.3d 630 (7th Cir. 2007).[23]

III.   Health and Physical Well-Being

The judge did the same in her analysis of limitations involving health and physical well-being.

In this domain, the SSA considers "the cumulative physical effects of physical or mental impairments and their associated treatments or therapies on [the child's] functioning

---

[22]   In *Rios v. Barnhart*, the administrative law judge acknowledged weakness in this domain, but stated without further explanation that the limitation in attending and completing tasks was not "marked." *See Rios v. Barnhart*, 365 F. Supp. 2d at 638, 645. The federal district court concluded that this assessment was legally insufficient. *Id*. at 638, 645-46. In doing so, the court reasoned that the evidence had suggested limitations like those illustrated in the regulations. *Id*. at 638, 646. In light of this evidence, the court concluded that the administrative law judge "should have at least discussed these facts" and the "failure to explain how these behaviors [did] or [did] not rise to the level of a marked impairment in Attending and Completing Tasks warrant[ed] remand." *Id*.

[23]   In *Murphy v. Astrue*, the administrative law judge found that a child lacked a marked impairment in the domain of attending and completing tasks. *See Murphy v. Astrue*, 496 F.3d at 633. The Seventh Circuit Court of Appeals held that this finding was insufficient because the administrative law judge did not explain "how or why" certain school documents would "trump [other] evidence of [the child's] inability to attend and complete tasks." *Id*. at 635.

. . . ." 20 C.F.R. § 416.926a(l) (2006). The SSA may regard the limitation in this area as "marked" if the child experiences frequent illnesses from the impairments or "frequent exacerbations" that result in "significant, documented symptoms or signs." 20 C.F.R. § 416.926a(e)(2)(iv) (2006).

Relevant examples of limitations in this domain include:

- "generalized symptoms," such as weakness, dizziness, and lethargy;

- "somatic complaints," such as headaches, allergies, stomach discomfort, and nausea;

- "limitations in . . . physical functioning because of . . . treatment;" and

- "exacerbations from one impairment or a combination of impairments that interfere with . . . physical functioning."

20 C.F.R. § 416.926a(l)(4)(i)-(iv) (2006).

Again, the judge summarized some evidence which highlighted the limitations in this domain, such as:

- testimony regarding headaches, shortness of breath, coughing, fatigue, and frequent absences in three grades because of D.K.M.'s medical condition;[24] and

- assessment by one teacher that D.K.M. could not run or engage in physical activity and needed self-medication at least once or twice each school-day.[25]

The judge also repeated references to the record which tended to minimize the limitations. Rec. at pp. 30-31. Examples involved average test results in visual-motor

---

[24]   Rec. at p. 30.

[25]   Rec. at pp. 30-31.

integration, an assessment by one teacher that D.K.M. was energetic and outgoing, and a physical examination reflecting a normal respiratory and gastrointestinal system. *Id.*

The judge again regarded limitations in the domain as "less than marked" "[b]ased upon the foregoing" evidence. *Id.* at p. 31. Because the evidence pointed in both directions, the Court cannot determine how the administrative law judge had reached her assessment. The ultimate finding suggests that the judge had relied on the parts of the record that tended to emphasize the limitations. But the judge never said which parts were relied upon and which were discounted. Instead, the judge again balanced the evidence in her head, leaving the Court unable to determine how she had reached the ultimate assessment. *See Rios v. Barnhart*, 365 F. Supp. 2d 637 (E.D. Pa. 2005).[26]

IV.   Summary

In each of the three domains, the judge listed evidence and stated her assessment, but did not connect the two. A recitation of evidence does not substitute for analysis. As the judge reflected in her record summary, some evidence would have supported assessment of "marked" limitations and other items would have reflected "less than marked" limitations. One cannot read the decision and surmise how the administrative law judge had regarded

---

[26] In *Rios v. Barnhart*, evidence existed regarding the child's stomachaches, headaches, and insomnia. *See Rios v. Barnhart*, 365 F. Supp. 2d at 638, 648. The administrative law judge found that the child did not have marked limitations in health and physical well-being, but reversal and remand were necessary in part because of the absence of any explanation regarding the evidence of stomachaches, headaches, or insomnia. *Id.*

limitations in the three domains as "less than marked."[27]  Without that explanation, meaningful judicial review is impossible[28] and the Court should order reversal and remand.[29]

## NOTICE OF THE RIGHT TO OBJECT

Any party may file written objections with the Clerk of the United States District Court.  *See* 28 U.S.C. § 636(b)(1) (2000).  The deadline for objections is February 4, 2008. *See* W.D. Okla. LCvR 72.1.  The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

## STATUS OF THE REFERRAL

The referral is terminated.

---

[27] In each of the three domains, the administrative law judge pointed out that a state agency had reached a similar assessment.  Rec. at pp. 23-25, 31.  But the judge did not provide any indication that she was relying on the state agency's assessment.  *See id.*

[28] The Defendant suggests how the evidence could have supported the decision and speculates that the administrative law judge was simply noting conflicting evidence and resolving the differences in favor of the SSA.  The Court cannot consider the Defendant's "post-hoc rationalizations."  *Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)).

[29] *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001) (stating that a reviewing court cannot meaningfully evaluate a decision when the administrative law judge had failed to explain the basis for her findings).

Entered this 14th day of January, 2008.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge